**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **THOMAS K. LOKER,** : | **Case No. 1:08-CV-2572** |
| **Plaintiff,** : | |
| : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** : | |
| **METROPOLITAN PROPERTY AND** : | **OPINION & ORDER** |
| **CASUALTY INSURANCE COMPANY,** | |
| **Defendant.** : | |

Pending before the Court are two motions: (1) Defendant Metropolitan Property and Casualty Insurance Company's ("Met P&C") *Motion to Strike the Third and Fourth Causes of Action of Plaintiff's Counterclaim Against Metropolitan Property and Casualty Insurance Company* (Doc. 6) ("Motion to Strike"); and (2) Plaintiff Thomas K. Loker's *Motion to Remand the Case to the Court of Common Pleas for Medina County* (Doc. 7) ("Motion to Remand"). For the reasons articulated below, Loker's Motion to Remand is **GRANTED**, and, accordingly, Met P&C's Motion to Strike is returned to the Medina County, Ohio Court of Common Pleas.

## I. BACKGROUND

This case arises before the Court with a convoluted procedural background.

On November 1, 2007, Loker filed a Complaint in the Medina County, Ohio Court of Common Pleas against three defendants: (1) MetLife Auto & Home; (2) Metropolitan Life Insurance Company; and (3) Michael Hersman (collectively, the "Original Defendants").[1] Plaintiff,

---

[1] The case was captioned *Thomas K. Loker v. Michael Hersman, et al.*, Case No. 07-CIV-1785. At the time of filing, there was not complete diversity of parties under 28 U.S.C. § 1332, because both Loker and Defendant Hersman were Ohio citizens.

who was an insurance agent terminated by Met P&C (an entity that was not named in Plaintiff's Complaint and thus was not one of the Original Defendants), alleged claims against the Original Defendants for breach of contract, wrongful discharge, and a declaratory judgment regarding the enforceability of a non-competition agreement.

The Original Defendants then notified Loker – in their Answer to Loker's Complaint and several times throughout the course of discovery – that: (1) MetLife Auto & Home does not exist as a legal entity that can be sued; (2) Metropolitan Life Insurance Company never employed Loker; and (3) Met P&C was the proper corporate defendant, as it employed Loker. At no point during discovery, however, did Loker seek to amend his Complaint to add Met P&C as a defendant or to assert any claims against Met P&C.

On August 21, 2008, after the parties completed discovery, Met P&C moved to intervene as a defendant in the case and to assert a counterclaim against Loker for allegedly breaching certain non-solicitation provisions of Loker's non-competition agreement with Met P&C. The Court of Common Pleas granted Met P&C's motion to intervene and ordered that Met P&C's Counterclaim be deemed filed as of September 24, 2008.

Meanwhile, on September 4, 2008, the Original Defendants filed a motion for summary judgment as to each of Loker's claims in the Complaint. The Original Defendants argued, in part, that each of the claims should be dismissed on the ground that none of the Original Defendants employed or contracted with Loker. Loker never opposed the motion for summary judgment.

On October 14, 2008, approximately two weeks before the scheduled trial date in the Court of Common Pleas, Loker filed, in a single document: (1) an Answer to Met P&C's Counterclaim; (2) a Counterclaim to Met P&C's Counterclaim (the "Counter-Counterclaim"); and (3) a Notice of Dismissal of the Original Defendants without prejudice pursuant to Rule 41(A) of the Ohio Rules

of Civil Procedure. Loker's Counter-Counterclaim alleged claims against Met P&C that were previously asserted against the Original Defendants – breach of contract, wrongful discharge, and a declaratory judgment regarding the enforceability of a non-competition agreement – as well as two new causes of action for unjust enrichment and age discrimination.

On October 30, 2008, Met P&C filed a Notice of Removal with this Court (Doc. 1). On November 6, 2008, Met P&C then filed the pending Motion to Strike (Doc. 6). On November 12, 2008, Loker responded by filing the pending Motion to Remand (Doc. 7). After further briefing by the parties (*see* Docs. 8, 9), the two pending motions are now ripe for resolution.

## II. LAW & ANALYSIS

### A.     Loker's Motion to Remand

A civil action is removable if the action could have been brought initially in federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . ."); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A defendant desiring to remove a case bears the burden of establishing that original subject matter jurisdiction lies in the federal courts, and all doubts regarding the appropriateness of removal are to be resolved in favor of remand. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32-33 (2002); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). "The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007) (quoting *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 210 (6th Cir. 2004)).

Here, Met P&C asserts that removal was proper by claiming that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. A federal district court has diversity jurisdiction where:

(1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing 28 U.S.C. § 1332).

The parties do not dispute that there is diversity of citizenship between Met P&C and Loker under 28 U.S.C. § 1332; therefore, the only issue remaining is whether the amount in controversy requirement has been satisfied. In its Notice of Removal, Met P&C initially claims that the amount in controversy requirement was met by virtue of the amounts alleged in both its Counterclaim and Loker's Counter-Counterclaim. (*See* Doc. 1 at ¶¶ 9-10.) In its memorandum in opposition to Loker's Motion to Remand, however, Met P&C states that it "did not remove based on any claims asserted in its Counterclaim" and that "this Court is not being asked to rely on the damages alleged in Met P&C's Counterclaim to satisfy the requisite amount in controversy." (Doc. 8 at 3, 5-6.) Instead, Met P&C argues that Loker's Counter-Counterclaim, "in and of itself, identified an amount in controversy greater than $75,000" and thus permitted removal of the action. (*Id.* at 3.) By contrast, Loker argues in his Motion to Remand that, as Met P&C notes in its Motion to Strike (*see* Doc. 6 at 4-5), Loker's Counter-Counterclaim was never properly asserted and therefore cannot not serve as the basis for removal. Further, to the extent that Met P&C still relies on the amounts alleged in its Counterclaim to justify removal, Loker argues that a defendant may not remove a case to federal court based upon damages pled in a counterclaim.

Upon review, the Court concludes that the amount in controversy requirement under 28 U.S.C. § 1332 has not been satisfied. First, the Court notes that, under the Ohio Rules of Civil Procedure, Loker's Counter-Counterclaim was not properly asserted before the Court of Common Pleas and thus was never pending before the state court and cannot serve as the basis for Met P&C's

removal.[2] Ohio Civ. R. 7(A), which defines the pleadings allowed in a civil action, "makes no provision for a counterclaim to a counterclaim." *Franklin v. Gregory*, No. 90CA004914, 1991 Ohio App. LEXIS 3369, at *5 n.1 (Ohio Ct. App., Ninth App. Dist. July 17, 1991); *cf.* 75 Ohio Jurisprudence 3d Pleading § 204 (noting that the Ohio Rules of Civil Procedure "make no provision for a pleading following a reply," which suggests that a counterclaim to a counterclaim would be inappropriate because such a pleading would require a reply to the counterclaim in reply).[3] Instead, under the Ohio Rules, Loker's Counter-Counterclaim merely should have been construed as an effort to amend his Complaint. *See Franklin*, 1991 Ohio App. LEXIS 3369, at *5 n.1. And under Ohio Civ. R. 15(A), in order for Loker to properly amend his Complaint to include claims against Met P&C, Loker was required to either receive leave to amend from the Court of Common Pleas

---

[2] In reaching this determination, the Court applies almost the same reasoning outlined in Met P&C's Motion to Strike Loker's Counter-Counterclaim, albeit using the state equivalents to the pertinent Federal Rules of Civil Procedure cited in Met P&C's motion, which Met P&C contends are the same as the Ohio Rules. (*See* Docs. 6 at 4-5; 8 at 3 n.5.)

[3] Ohio Civ. R. 7(A), "Pleadings," provides:

There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

or obtain Met P&C's written consent.[4] The state court docket, however, reflects that the Court of Common Pleas did not grant Loker leave to amend, nor that Met P&C provided Loker written consent. (*See* Docs. 1; 5.) At the time of removal, therefore, Loker's Counter-Counterclaim could be considered, at best, a motion for leave to amend that the Court of Common Pleas had yet to rule upon. Accordingly, Loker's Counter-Counterclaim was not deemed filed and pending before the Court of Common Pleas at the time of removal, and Met P&C cannot rely on it to assert removal jurisdiction, regardless of the actual amount in controversy presented by the Counter-Counterclaim. *Cf. Ford v. Healthport Techs., LLC*, No. 3:08-CV-208, 2008 U.S. Dist. LEXIS 90077, at *6-7 (E.D. Tenn. Aug. 21, 2008) (holding that the time period in which the defendants were required to file their notice of removal did not begin to run until the court granted the plaintiffs' motion to amend their complaint, not when the plaintiffs merely filed their motion to amend; "'[T]he mere filing of the motion to amend when there is no ability to amend as a matter of right does not make the case removable' because the possibility remains that the court may, in its discretion, deny the motion.").

Moreover, the Court notes that, even though Met P&C has disavowed relying on the amounts alleged in its Counterclaim to satisfy the amount in controversy requirement under 28 U.S.C. § 1332, and has put forth no arguments that the Court should consider the damages pled in its Counterclaim,

---

[4] Ohio Civ. R. 15(A), "Amendments," provides:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within fourteen days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

-6-

the Court nevertheless agrees with the majority of courts that have held that the value of a counterclaim – including a compulsory counterclaim – may not be considered in determining the amount in controversy. *See, e.g.*, *Quality Mgmt., LLC v. Time & Place World, LLC*, 521 F. Supp. 2d 83, 85-86 (D.D.C. 2007); *Firestone Fin. Corp. v. Syal*, 327 F. Supp. 2d 809, 810-12 (N.D. Ohio 2004); *cf. Sanford v. Gardenour*, No. 99-5504, 2000 U.S. App. LEXIS 17566, at *6-9 (6th Cir. July 17, 2000); *Snyder v. All-Pak, Inc.*, No. 1:07-CV-3566, 2008 U.S. Dist. LEXIS 90540, at *6-7 (N.D. Ohio Aug. 6, 2008); *McMahon v. Alternative Claims Serv.*, 521 F. Supp. 2d 656, 658 (N.D. Ohio 2007); *CMS North America, Inc. v. De Lorenzo Marble & Tile, Inc.*, 521 F. Supp. 2d 619, 627-30 (W.D. Mich. 2007). *But see Swallow & Associates v. Henry Molded Prods, Inc.*, 794 F. Supp. 660 (E.D. Mich. 1992) (holding that the damages pled in a compulsory counterclaim should be considered in determining the amount in controversy). In particular, the Court is persuaded by some of the reasons for this approach that were outlined by the District Court of Columbia in *Quality Mgmt., LLC* – namely, that: (1) such a standard is consistent with the well-pleaded complaint rule; (2) the standard also is consistent with the rule that defenses or counterclaims that implicate federal law are insufficient to confer federal jurisdiction; and (3) the removal statute does not explicitly provide that counterclaims can be used to determine the amount in controversy, which suggests that Congress did not intend for such a result. 521 F. Supp. 2d at 85-86. Further, as noted by this Court in *Firestone Fin. Corp.*, "Such a conclusion is also consistent with the U.S. Supreme Court's conclusion that the language and legislative history of Section 1441 reveals a congressional intent to restrict the removal jurisdiction of federal courts and its mandate that Section 1441 should be narrowly construed to ensure 'due regard for the rightful independence of state government.'" 327 F. Supp. 2d at 811 (quoting *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941)). Accordingly, the Court will not consider the amounts alleged in Met P&C's Counterclaim to

determine the amount in controversy.

Therefore, having determined that the value of the damages pled in both Loker's Counter-Counterclaim and Met P&C's Counterclaim cannot be considered in determining the jurisdictional amount at issue for purposes of 28 U.S.C. § 1332, the Court concludes that the amount in controversy in this case is less than $75,000 – indeed, Loker had no claim for monetary judgment pending before the Court of Common Pleas at the time of removal, given that Loker's Counter-Counterclaim was, at best, a motion for leave to amend his Complaint and that Loker had dismissed the Original Defendants without prejudice pursuant to Ohio Civ. R. 41(A). Accordingly, this case must be remanded for lack of diversity jurisdiction under 28 U.S.C. § 1332.

**B.      Met P&C's Motion to Strike**

Because the Court has concluded that this case must be remanded, it is without jurisdiction to resolve Met P&C's Motion to Strike, and that motion is returned to the Medina County, Ohio Court of Common Pleas.

### III. CONCLUSION

For the foregoing reasons, Loker's Motion to Remand (Doc. 7) is **GRANTED**, and this case is hereby **REMANDED** to the Medina County, Ohio Court of Common Pleas, where it was originally filed. Consequently, Met P&C's Motion to Strike (Doc. 6) is returned to the state court.

**IT IS SO ORDERED.**

                              **s/Kathleen M. O'Malley**
                              **KATHLEEN McDONALD O'MALLEY**
                              **UNITED STATES DISTRICT JUDGE**

**Dated:  December 22, 2008**